# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MARY AND DEVI
NAMPIAPARAMPIL LITIGATION**                                                    MDL No. 3146

## ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs in two actions, who are proceeding *pro se*, move under 28 U.S.C. § 1407 to centralize this litigation in the District for the District of Columbia.  This litigation consists of two actions pending in two districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of one related action in the Southern District of New York.  Defendants[1] oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  Each action is brought by a member of the same family and arises from the same 2021 election campaign in New York City.  The actions present factual overlap regarding defendants' alleged (1) discriminatory application of campaign finance laws and auditing procedures, (2) retaliatory conduct, and (3) denial of plaintiffs' access to legal representation.  The overlapping facts and anticipated pretrial proceedings in these cases, however, are not sufficiently complex to warrant centralization.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.").  There are just three total cases pending in two adjacent districts, and plaintiffs' complaints describe what is, at its core, an inherently local dispute involving New York City elections.

Plaintiffs argue that centralization in a third forum (the District for the District of Columbia) will allow them to obtain a single, favorable ruling regarding their contention that the New York City Campaign Finance Board's (the CFB) rules bar their access to counsel.  They also suggest that the Panel itself should rescind or invalidate this "lawyer ban," which would allow other similarly harmed candidates for New York City office to bring suit.  Plaintiffs further assert that we "must evaluate whether consolidation in SDNY would permit a fair and impartial review of these matters or whether another venue would better serve judicial integrity."

---

[1]    The City of New York (sued as the NYC Campaign Finance Board and the NYC Department of Sanitation Enforcement), Amy Loprest, Bethany Perskie, David Duhalde, Hannah Egerton, Frederick Schaffer, Matthew Sollars, and Jaclyn Williams.

- 2 -

Plaintiffs' arguments have not convinced us that centralization is needed for these cases. First, plaintiffs misconstrue our authority to provide the relief sought in the underlying actions. It is well established that Section 1407 does not grant the Panel the authority to decide questions going to the merits of a case. *See, e.g.*, *In re Robert Reedom Litig.*, 65 F. Supp. 3d 1414, 1415 (J.P.M.L. 2014); *In re Lawrence L. Crawford Litig.*, 743 F. Supp. 3d 1368, 1370 n.6 (J.P.M.L. 2024). Therefore, we cannot render a decision invalidating any CFB rule. Second, we have long held that "[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether and to where transfer under Section 1407 is appropriate." *In re Beef Indus. Antitrust Litig.*, 419 F. Supp. 720, 722 (J.P.M.L. 1976). Further, "evading the perceived bias of the judges that have been assigned these actions in the [two putative transferor districts] – is not a proper basis for centralization." *See In re David Kissi, et al., Litig. (No. III),* 923 F. Supp. 2d 1367, 1369 (J.P.M.L. 2013).

Given the limited number of parties and courts, we are of the view that informal cooperation and coordination are adequate alternatives to centralization that should work to minimize any duplication in pretrial proceedings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: MARY AND DEVI**
**NAMPIAPARAMPIL LITIGATION**                           MDL No. 3146

**SCHEDULE A**

Eastern District of New York

NAMPIAPARAMPIL v. THE NYC DEPARTMENT OF SANITATION
    ENFORCEMENT DIVISION, ET AL., C.A. No. 1:24−05605

Southern District of New York

NAMPIAPARAMPIL v. THE NEW YORK CITY CAMPAIGN FINANCE BOARD,
    ET AL., C.A. No. 1:23−06391